UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ASH JUSTIN SOLORIO,<br><br>                  Petitioner,<br><br>vs.<br><br>WARDEN ROSS, et al.,<br><br>                  Respondents. | Case No. 1:25-cv-00288-DKG<br><br>**INITIAL REVIEW ORDER** |

       Ash Justin Solorio's Petition for Writ of Habeas Corpus (Dkt. 1) is subject to review by the Court to determine whether it may proceed. *See* Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rules). Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show they are held in custody under a state court judgment and such custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). A summary dismissal order must be issued where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4.

       Having reviewed the Petition, the Court concludes that Petitioner cannot proceed, but he may file an amended petition if he has exhausted his state court remedies. Because there is no indication on the docket that the federal respondents have been presented with the opportunity to opt out of United States magistrate judge jurisdiction over final orders

**INITIAL REVIEW ORDER- 1**

in this case, *see* 28 U.S.C. § 636(c), the Court will reassign this case to a United States district judge, who will review this case de novo (anew).

## REVIEW OF PETITION

On October 20, 2023, Petitioner was convicted of battery on a law enforcement officer and sentenced to a term of imprisonment in the Fourth Judicial District Court in Ada County Idaho, in Case No. CR01-23-16693 (Case 16693).[1] He was placed on probation in the state's Rider program in lieu of imprisonment. Later, the state district court entered an "order relinquishing jurisdiction, reducing sentence, and commitment." Dkt. 1-1; *see* Exhibit to Order.

Petitioner states that the Idaho Supreme Court heard his direct appeal and "granted" his appeal, but he has no details. He states: "I don't have this. You have to ask Kendra Nagy who did my appeal." Dkt. 1 at 2. The Court has reviewed the Idaho Supreme Court register of actions and searched the Westlaw database but finds no decision of any Idaho appellate court in Petitioner's criminal case.

The state court register of actions shows that an appeal in Case 16693 was filed on October 22, 2024. *See* Exhibit to Order. An amended notice of appeal was filed in December 2024. The sole issue presented was whether the district court abused its discretion when it revoked probation and relinquished jurisdiction. *See* Exhibit to Order.

For purposes of this habeas case, a claim that a state court abused the discretion granted to it under state law is not a federal claim. *See Swarthout v. Cooke*, 562 U.S. 216,

---

[1] *See* Idaho Supreme Court register of actions available online at https://www.preview. icourt.idaho.gov/case/CR01-23-16693/county/Ada (accessed 8/28/2025).

**INITIAL REVIEW ORDER- 2**

219 (2011) (reaffirming that "federal habeas corpus relief does not lie for errors of state law") (quotations omitted); *Williams v. Borg*, 139 F.3d 737, 740 (9th Cir. 1998) (holding that a federal court in a state habeas case may address only federal constitutional violations, not abuses of discretion by a state court under state law).

Like the claim brought in his state court appeal, Petitioner's claims in his federal habeas corpus petition in this action appear to be based on state law, not federal law. First, he asserts he "finished [his] rider program on 10-15-24." Dkt. 1 at 4. Second, he asserts that his "parole eligibility was 5-29-25." *Id*. at 5. Third, he asserts only: "Idaho department of correction notice recommended probation." *Id*. at 6.

It does not appear from public records that Petitioner has petitioned the Idaho Supreme Court to review any federal claims challenging his probation revocation and relinquishment of jurisdiction. Therefore, his claims have not been properly exhausted and cannot be heard here. He may file either a notice of voluntary dismissal or an amended petition showing that he previously presented a federal claim in a procedurally proper manner to the Idaho Supreme Court. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies for a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

## INSTRUCTIONS FOR AMENDMENT

If Petitioner does file an amended petition, he should be aware that the proper respondent in a habeas corpus action where the petitioner is in custody is the person who has the power to produce the petitioner/prisoner if a writ issues, such as a prison warden

**INITIAL REVIEW ORDER- 3**

or jail sheriff. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996). If the petitioner is not in custody, the proper respondent is "the person who exercises legal control with respect to the challenged 'custody,'" such as the attorney general of the state. *See Rumsfeld v. Padilla*, 542 U.S. 426, 438 (2004). The long list of respondents in the original Petition—who are not his custodians—is improper.

Any amended petition must contain *all* of Petitioner's federal claims challenging a single state criminal judgment. (A judgment may contain more than one *conviction*; the key is that the convictions must be included in a *single judgment* on *a single date* in order to proceed in the same habeas action.) The amended petition must contain a short statement of the crimes and violations of which he is convicted, the sentences pronounced, the date of judgment if known, the state court that entered the judgment, the state court case number if known, and whether Petitioner pleaded guilty or went to trial on each conviction.

The amended petition must be organized in a neat and orderly claim-by-claim manner, with each claim being numbered and containing four supporting subsections: (a) its federal legal basis (which can be a citation to a constitutional provision or amendment, like "the Fifth Amendment," or a one-sentence description of its unconstitutionality without a legal citation, like, "this violated my right to confront my accusers in open court"); (b) the facts supporting the claim; (c) the procedural facts showing how and when the claim was properly presented to the Idaho Supreme Court, as described above; and (d) a brief argument of one to three paragraphs stating why the state

**INITIAL REVIEW ORDER- 4**

court decision is contrary to, or an unreasonable application of, federal law, or amounts to a violation of the federal Constitution.

Petitioner should also be aware that any amended petition will completely replace the original Petition submitted in this action. After submission of any amended petition, the district court judge will issue a successive screening order notifying Petitioner whether he can proceed or dismissing them as premature, because Petitioner's appeal is ongoing and he may have other avenues of state court relief open to him.

## ORDER

**IT IS ORDERED:**

1. No later than **30 days** after entry of this Order, Petitioner shall file either a notice of voluntary dismissal or an amended petition, following the guidelines set forth above, together with a "Motion to Review Amended Petition" that consists of a one-paragraph request to review the amended petition.

2. Failure to follow this Order may result in dismissal of this entire action for failure to state a claim and failure to follow a court order, without further notice to Petitioner.

3. The Clerk of Court shall reassign this case to a United States District Judge.



DATED: August 21, 2025

_____
Honorable Debora K. Grasham
United States Magistrate Judge

**INITIAL REVIEW ORDER- 5**